# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

ELIZABETH CARLEY,

    Plaintiff,

vs.

WARDEN JO GENTRY, *et al*.,

    Defendants.

Case No. 2:17-cv-02670-MMD-VCF

**ORDER**

MOTION TO ENLARGE TIME [ECF NO. 30]

    Before the Court is Plaintiff Elizabeth Carley's Motion for Enlargement of Time in Which to File: Proof of Service for Defendant Hill. (ECF No. 30). For the reasons discussed below, Plaintiff's motion is granted.

## BACKGROUND

    Plaintiff's complaint against Defendants Jo Gentry, Tanya Hill, Patrick Vejar, and Sherryl Foster was filed on September 5, 2019. (ECF No. 4). On the same day this Court ordered a 90 day stay on the case pending an Early Inmate Mediation Conference, during which time "no other pleadings or papers will be filed," and "the parties will not engage in any discovery." (ECF No. 3 at 7). The Parties did not settle. (ECF No. 8). The Court lifted the 90 stay and Ordered that service be perfected by March 3, 2019. (ECF No. 9 at 2).

    On December 21, 2018, the Office of the Attorney General accepted service for Defendant Sheryll Foster (ECF No. 10) and submitted the last known addresses of Defendants Gentry, Vejar, and Hill under seal. (ECF Nos. 11, 12). On February 25, 2019, the U.S. Marshall served Defendant Vejar. (ECF No. 22). On February 27, 2019, the U.S. Marshall served Defendant Gentry. (ECF No. 24). Defendants Vejar and Gentry were personally served at their respective residencies pursuant to Federal Rule of Civil Procedure 4(e)(2)(A).

On February 25, 2019, the U.S. Marshall returned the summons for Defendant Tanya Hill unexecuted because Tanya Hill no longer resided at the address provided. (ECF No. 21). Plaintiff took steps to locate Defendant Tanya Hill and discovered that the Office of the Attorney General had accepted service on behalf of Tanya Hill in a prior case. (ECF No. 30 at 2). On March 27, 2019, Plaintiff Carley moved to enlarge time for service of her complaint on Defendant Tanya Hill by an additional 90 days. (ECF 30 at 2). Defendants did not oppose the motion.

**ANALYSIS**

The Court finds there is good cause to extend time for service of the complaint. "[T]he Court must extend the time for service for an appropriate period," when "the Plaintiff shows good cause for the failure," to timely serve a Defendant. Fed. R. Civ. Pro. 4(m). Here, Plaintiff Carley relied on the address provided to her by the Office of the Attorney General per Court Order. (ECF Nos. 11, 12). When the summons was returned unexecuted, Plaintiff took reasonable steps to locate Defendant Tanya Hill and discovered that the Office of the Attorney General had accepted service on behalf of Tanya Hill in a prior case. (ECF No. 30 at 2). Plaintiff then filed the Motion to Extend Time for an additional 90 days along with a Motion to Compel Discovery on the Office of the Attorney General for the current address of Defendant Tanya Hill. (ECF Nos. 30, 31). The Court finds Plaintiff had good cause for failing to serve Defendant Hill by March 3, 2019 and finds the requested 90 day extension is an appropriate period.

In addition, Defendants have consented to the extension of time by failing to oppose it. Under Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." No Defendant has filed an opposition to Plaintiff's motion to extend time. The Court finds this lack of response constitutes consent under the Local Rule.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for Enlargement of Time in Which to File: Proof of Service for Defendant Hill (ECF No. 30) is GRANTED.  Plaintiff must serve Defendant Tanya Hill on or before September 15, 2019.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 17th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE