# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

ELIZABETH CARLEY,

    Plaintiff,

vs.

JO GENTRY, *et al.*,

    Defendants.

2:17-cv-02670-MMD-VCF

**ORDER**

Before the court are the following motions:

1. Plaintiff's Motion for an Order Directing Service of the Summons and Complaint to Defendant Tanya Hill. (ECF No. 47),

2. Plaintiff's Motion to Extend Time to File Proof of Service for Defendant Tanya Hill (ECF No. 52), and,

3. Motion Requesting Service (ECF No. 54).

**Relevant Background on service re: Defendant Hill**

On December 21, 2018, the Office of the Attorney General accepted service for Defendant Sheryll Foster (ECF No. 10) and submitted the last known addresses of Defendants Gentry, Vejar, and Hill under seal. (ECF Nos. 11, 12). On February 25, 2019, the U.S. Marshall served Defendant Vejar. (ECF No. 22). On February 27, 2019, the U.S. Marshall served Defendant Gentry. (ECF No. 24). Defendants Vejar and Gentry were personally served at their respective residencies pursuant to Federal Rule of Civil Procedure 4(e)(2)(A).

On February 25, 2019, the U.S. Marshall returned the summons for Defendant Tanya Hill unexecuted because Tanya Hill no longer resided at the address provided. (ECF No. 21). Plaintiff took steps to locate Defendant Tanya Hill and discovered that the Office of the Attorney General had accepted service on behalf of Tanya Hill in a prior case. (ECF No. 30 at 2). On March 27, 2019, Plaintiff Carley moved to enlarge time for service of her complaint on Defendant Tanya Hill by an additional 90 days. (ECF 30 at 2). Defendants did not oppose Plaintiff's first motion to extend the time to perfect service on Defendant Hill (ECF No. 30). The court granted the extension of time to perfect service on defendant Hill until September 15, 2019. (ECF No. 43).

Plaintiff has now filed three motions requesting an extension to perfect service on Defendant Hill. She also seeks an order directing the Attorney General to provide addresses for those defendants in which they are not accepting service and for an order directing the U.S. Marshal to perfect service on those defendants in which the Attorney General has not accept service. (ECF Nos. 47, 52, and 54).

The U.S. Marshal stated in its July 3, 2019 letter that it was unable to serve Defendant Hill because Plaintiff did not fill out a USM-285 form and proper pleadings were not received. (ECF No. 47 at 7).

Defendants Foster, Vejar, and Gentry filed an opposition to Plaintiff's Third Motion Requesting Service (ECF No. 56).

In Defendants' opposition to Plaintiff's Third Motion Requesting Service (ECF No. 56), the Office of Attorney General states that it will not be accepting service on behalf of Defendant Hill.

**Motions related to Perfecting Service/Extension of Time (ECF Nos. 47, 52, 54)**

**Analysis:**

"[T]he Court must extend the time for service for an appropriate period," when "the Plaintiff shows good cause for the failure," to timely serve a Defendant. Fed. R. Civ. P. 4(m).

Plaintiff has been under the assumption that if the Office of Attorney General has accepted service for Defendant Hill in another case, the Office of Attorney General will accept service or has to accept service for Defendant Hill in this matter. In the Opposition (ECF No. 56), the Office of Attorney General

states that it will not be accepting service on behalf of Defendant Hill. The Office of Attorney General has already filed Defendant Hill's address under seal. The U.S. Marshal has attempted to serve Defendant Hill at the address provided under seal by the Office of the Attorney General; however, service was unsuccessful because Defendant Hill was no longer at that address. The court looked into the case in which Plaintiff referenced that Office of the Attorney General accepted service on behalf of Defendant Hill. The court discovered a clerical error in that case, and the Office of the Attorney General did not accepted service on behalf of Defendant Hill in that matter.

Plaintiff has stated that she is unable to locate another address for Defendant Hill in her motions (ECF NOS. 47 & 52).

Here, the court finds that good cause has not been provided to extend the time to perfect service on Defendant Hill.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for an Order Directing Service of the Summons and Complaint to Defendant Tanya Hill. (ECF No. 47), Plaintiff's Motion to Extend Time to File Proof of Service for Defendant Tanya Hill (ECF No. 52), and Plaintiff's Motion Requesting Service (ECF No. 54) are DENIED.

DATED this 16th day of October, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE