UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ELIZABETH CARLEY,<br><br>Plaintiff,<br>v.<br>WARDEN JO GENTRY, *et al.*,<br><br>Defendants. | Case No. 2:17-cv-02670-MMD-VCF<br><br>ORDER |

## I. SUMMARY

*Pro se* Plaintiff Elizabeth Carley, who is incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), sued various prison officials under 42 U.S.C. § 1983 for allegedly impeding her access to the courts. (ECF No. 27.) Before the Court are two motions: Plaintiff's motion for leave to file a second amended complaint ("SAC") (ECF No. 53 ("Motion to Amend")); and Defendants' motion to dismiss Plaintiff's first amended complaint ("FAC") (ECF No. 32 ("Motion to Dismiss")).[1] Both because motions seeking leave to amend should be liberally granted, and Plaintiff's proposed amendments in her SAC are not necessarily futile, the Court will grant Plaintiff's Motion to Amend. The Court will therefore deny Defendants' Motion to Dismiss as moot.

## II. BACKGROUND

The Court construes Plaintiff's case as comprising a single claim for denial of her constitutional right of access to the courts. (ECF No. 27.) Her primary factual allegations supporting this claim relate to NDOC's denial for over a year of her requests to correspond with her co-defendant in her underlying criminal case without NDOC officials opening their mail. (*Id.* at 4-9.) She refers to this as 'inmate-to-inmate correspondence' ("I2I

---

[1]The Court reviewed the parties' responses and replies to both motions, as well as the corresponding joinders. (ECF Nos. 35, 36, 38, 40, 41, 55, 58.)

Correspondence").² (*Id.* at 3.) She alleges the NDOC's denial of her requests for I2I Correspondence inhibited her ability to gather confidential materials from her co-defendant that she intended to—and eventually did—use to file habeas corpus petitions. (*Id.* at 5-9.) During the time period her requests for I2I Correspondence were denied, she filed an unsuccessful state habeas corpus petition. (*Id.* at 5-9.) Once her request for I2I Correspondence was granted in 2016, she was able to get materials from her co-defendant in her underlying criminal case. She used those materials to file a federal habeas corpus petition that has not yet been adjudicated.³ (*Id.* at 9.) She explains how the materials she was eventually able to gather from her co-defendant in her underlying criminal case support her claims that the Nevada Supreme Court rejected in her state habeas petition. (Id. at 9-12.) Thus, Plaintiff alleges that her state habeas petition would have succeeded if she had been able to get those materials from her co-defendant during the time period her requests for I2I Correspondence were denied. (*Id.* at 12.)

Plaintiff also alleges that NDOC officials at the Florence McClure Women's Correctional Center ("FMWCC"), where she is housed, do not allow her sufficient access to the prison law library. (ECF No. 27 at 5-7.) She adds many allegations to this effect in her proposed SAC. (ECF Nos. 53-1, 53-2, 53-3.) She more specifically alleges that supervisor Ruiz and other personnel deter her from using the library and filing documents in her cases, there are no books, the assistants who work there are untrained, and there is inadequate information available about how to prepare petitions for post-conviction relief. (ECF No. 27 at 5.)

///

---

²When she first applied for I2I Correspondence on January 4, 2013, her request was granted. (ECF No. 27 at 4.) But then she was told she had to re-apply when her co-defendant was moved to a different prison. (*Id.*) She did, but her request was denied on January 6, 2015. (*Id.*) Her requests and related grievances were continually denied for some time. (*Id.* at 4-9.) On March 31, 2016, one of her requests for I2I Correspondence was granted, and she was allowed to correspond with her co-defendant in her underlying criminal case without her mail being opened by prison officials. (*Id.* at 9.)

³*Carley v. Nevens*, Case No. 2:16-cv-02227-JAD-BNW (D. Nev. Filed Sept. 21, 2016).

Plaintiff was previously granted leave to amend her complaint (ECF No. 26), which made her FAC the operative complaint (ECF No. 27). Judge Ferenbach granted her leave to file her FAC both because she was entitled to as of right, and she added factual allegations to her original complaint that previously had passed screening. (ECF No. 26 at 2.) She also added that she was suing the named defendants in their personal capacities. (*Id.*) Thus, Judge Ferenbach found she stated colorable claims and directed the Clerk of Court to file her FAC. (*Id.*)

In her Motion to Amend, Plaintiff seeks to amend her FAC to: (1) make it more clear that the underlying claim in her access to the courts claim is her unsuccessful state habeas petition, which would have been successful if she was able to get the documents she has now, and had unrestricted access to the law library; (2) to name additional defendants who supervise the law library; (3) to add more factual details about her alleged restricted access to the law library. (ECF No. 53 at 1-3.)

### III.  LEGAL STANDARD

Fed. R. Civ. P. 15 ("Rule 15") allows amendment only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *See* Fed. R. Civ. P. 15(a). The Court has discretion to grant leave and should freely do so when justice so requires. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Nonetheless, the Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

///

///

## IV. DISCUSSSION

Plaintiff argues the Court should grant her Motion to Amend because she filed it in good faith as soon as she was able, before the deadline specified in the scheduling order, and because she adds factual allegations and defendants in response to the deficiencies that Defendants pointed out in their Motion to Dismiss her FAC. (ECF No. 53.) Defendants respond that her proposed amendments are futile, arguing that the SAC does not cure the deficiencies forming the basis of their Motion to Dismiss—that Plaintiff's access to the courts claim is noncognizable because she has not alleged the loss of a nonfrivolous claim, and NDOC officials are entitled to qualified immunity in any event because Plaintiff has no clearly-established right to correspond with other prisoners under these circumstances. (ECF No. 55.) But "[a]mendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim." *Stebbins v. Geico Ins. Agency*, Case No. 2:18-cv-00590-APG-GWF, 2019 WL 281281, at *4 (D. Nev. Jan. 22, 2019) (citation omitted). The Court thus agrees with Plaintiff that the Court should grant her leave to amend here, especially given Rule 15's edict that leave should be freely given. The Court first addresses below Defendants' argument that Plaintiff fails to state a claim, and then their qualified immunity argument.

### a. Access to the Courts Claim

The Court is not persuaded that Plaintiff's proposed SAC fails to state an access to the courts claim because she does not allege the loss of a nonfrivolous claim. (ECF No. 55 at 3-4.) Defendants more specifically argue that—despite Plaintiff's claim that her state habeas cases were dismissed because her requests for I2I Correspondence were denied for some time—she was successful in raising her underlying claim in her federal habeas petition. (*Id.* at 3-4.)

To state an access to the courts claim, a plaintiff must allege that she: (1) was, or is suffering "actual injury" by being "frustrated" or "impeded;" (2) in bringing a non-frivolous claim; (3) about her criminal conviction or sentence, or the conditions of her confinement. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996).

The Court cannot find that it would be futile to permit Plaintiff to proceed on her SAC, because the allegations in her proposed SAC are consistent with these requirements. *See id.* While the Court cannot say at this stage whether Plaintiff's state habeas case was non-frivolous, the Court can certainly say that she has alleged it was. (ECF No. 53-1 at 14-17.) And that is sufficient at this stage. Further, Plaintiff alleges the denial of her request for I2I Correspondence at least impeded her state habeas claims, which are claims about the validity of her criminal conviction. The Court is further unpersuaded by Defendants' argument that Plaintiff was successful in raising her underlying claim in her federal habeas petition, because she may have lost the ability to raise certain claims as a result of their dismissal during the state-court habeas process.[4] In addition, accepting Plaintiff's factual allegations regarding restrictions on access to the law library as true, they buttress Plaintiff's claim that restrictions on her access to the courts resulted in the dismissal of her state habeas claims. Thus, the Court does find Plaintiff's proposed amendments in her SAC futile, because facts consistent with her allegations could state a cognizable access to the courts claim.

### b. Qualified Immunity

The Court disagrees with Defendants that the qualified immunity doctrine renders Plaintiff's proposed SAC futile. Defendants' argument is that the administrative regulation governing I2I Correspondence has never been declared unconstitutional, so even if Defendants applied the policy incorrectly, they are entitled to qualified immunity. (ECF Nos. 55 at 4-5, 32 at 5-9.) However, Plaintiff's allegation is not merely that they applied the policy incorrectly—it is that Defendants relied on the policy to deny her requests for I2I Correspondence even though they knew she was entitled to it, or, said otherwise, that they intentionally misapplied the policy to inhibit her correspondence with her co-defendant in her underlying criminal case. (ECF No. 53-1 at 5-12.) Defendants' argument therefore does not really address Plaintiff's allegations. Thus, the Court does not find

---

[4] While Defendants rely on *Harris v. Velo-Lopez*, Case No. 115CV01629MJSPC, 2016 WL 5943899, at *3 (E.D. Cal. Oct. 12, 2016), *aff'd*, 691 F. App'x 846 (9th Cir. 2017), that decision does not bind this Court. (ECF No. 55 at 4 n. 1.)

Defendants' qualified immunity argument presents a sufficient reason to deny Plaintiff's Motion to Amend.

In sum, in light of Rule 15's presumption favoring amendment, and having rejected Defendants' arguments against amendment, the Court will grant Plaintiff's motion for leave to file her proposed SAC. Because Defendants' Motion to Dismiss attacked the FAC, the Court will deny the Motion to Dismiss as moot.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for leave to file her proposed SAC (ECF No. 53) is granted. Plaintiff may proceed with her single access to the courts claim alleged in her proposed SAC.

It is further ordered that Defendants' motion to dismiss (ECF No. 32) is denied as moot.

The Clerk of Court is directed to file the SAC (ECF Nos. 53-1, 53-2, 53-3).

DATED THIS 4th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE