# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| ELIZABETH CARLEY, | |
| Plaintiff, | 2:17-cv-02670-MMD-VCF |
| vs. | **ORDER AND** |
| WARDEN JO GENTRY, *et al.*, | |
| Defendants. | **DISCOVERY PLAN AND SCHEDULING ORDER** |

Before the court is *Elizabeth Carley v Warden Jo Gentry, et al.*, case number 2:17-cv-02670-MMD-VCF.

On June 21, 2019, the Court entered a discovery plan and scheduling order which ordered that,

> Any and all pleadings that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed and served not later than **September 19, 2019**. Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.
>
> Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served not later than **September 19, 2019**.

(*See* ECF NO. 44).

This case was stayed on October 16, 2019 pending resolution of Defendants' Motion To Dismiss (ECF NO. 32). (ECF NO. 61). On December 4, 2019, Chief Judge Du granted Plaintiff leave to file her

proposed Second Amended Complaint and denied Defendants' Motion To Dismiss as moot. (ECF NO. 74).

The Second Amended Complaint became the operative complaint in this case. (ECF NO. 75). On January 30, 2020, Plaintiff filed a Motion to Amend Complaint (ECF NO. 85) to name James Dzurenda and Charles Daniels as NDOC Director, in place of John Doe Defendant. Plaintiff states that there are no other changes between the Second Amended Complaint and her proposed Third Amended Complaint (ECF No. 85-1). *Id.*

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave of court to amend should be "freely given when justice so requires" and this policy is to be applied with "extreme liberality." *Eminence Capital v. Aspeon,* 316 F.3d 1048, 1051 (9th Cir. 2003). The rule favoring liberality in amendments to pleadings is particularly important for a *pro se* litigant. *Crowley v. Bannister*, 734 F. 3d 967, 977-78 (9th Cir. 2013). Unskilled in the law, the *pro se* litigant is far more prone to make errors in pleading than a litigant who has representation of counsel. *Id.* at 878.

The Court considers the following factors when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) undue prejudice to the opposing party, or (4) futility of amendment. *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). These factors, however, do not merit equal weight. *Id.* Absent undue prejudice to the opposing party or a strong showing of any of the other factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

## DISCUSSION

The deadline to file a motion for leave to amend the complaint has passed. The last day to amend the pleadings was September 19, 2019. (ECF NO. 44). Plaintiff filed the motion for leave to amend the complaint on January 30, 2020. Plaintiff is an incarcerated *pro se* litigant. The court has to consider that

there is a possibility that Plaintiff could be confused by the court's deadline when the case was stayed pending a decision on Plaintiff's motion for leave to file second amended complaint, thus, the Court will allow Plaintiff to proceed with her motion for leave to amend the complaint (ECF NO. 85), even though the motion was filed after the September 19, 2019 deadline. (ECF No. 44).

There is no indication of bad faith, undue delay, undue prejudice, or dilatory motive on the part of Plaintiff here. As stated above, there is no evidence of bad faith. Plaintiff is not adding additional claims or parties.

There is no indication of undue prejudice to opposing parties. Already appearing Defendants would not be prejudiced by an amended complaint. As for unnamed defendants that that have not been served, if "it merely clarifies their identities and seeks to bring in the ostensibly proper parties." *Jackson v. Scarpati*, No. 3:14-CV-00415-RJC, 2015 WL 5092696, at *3 (D. Nev. Aug. 27, 2015). Plaintiff's second amended complaint brought claims against Doe Defendant. (ECF No. 75). Plaintiff now moves to identify the Doe Defendants. (ECF No. 85). The third amended complaint clarifies the Doe Defendant as James Dzurenda and Charles Daniels as NDOC Director. Therefore, James Dzurenda and Charles Daniels as NDOC Director will not suffer prejudice if Plaintiff amends her complaint. *Jackson*, 2015 WL 5092696, at *2.

Appearing Defendants have not filed any opposition to Plaintiff's motion to amend complaint. Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. Here, it would seem as though defendants have consented to the granting of Plaintiff's motion to amend complaint.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint (ECF NO. 85) is GRANTED.

The Clerk of Court is directed to file the third amended complaint (ECF No. 85-1). Summons on Dzurenda and Daniels will not be issued at this time.

The Attorney General's Office shall file a notice advising the Court and Plaintiff if it is accepting service for James Dzurenda and Charles Daniels, and any other unserved defendants, on or before April 21, 2020. If it does not accept service for James Dzurenda and Charles Daniels, and any other unserved defendants, then it must file under seal, on or before April 21, 2020, the last-known-address information of James Dzurenda and Charles Daniels, and any other unserved defendants, under seal, but shall not serve the inmate Plaintiff the last known address(es) of defendants Dzurenda and Daniels, or any other unserved defendants, for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

If service cannot be accepted for any of the named defendant(s), Plaintiff MUST file on or before May 15, 2020, a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

IT IS FURTHER ORDERED that from this point forward, Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.

IT IS FURTHER ORDERED that Plaintiff's Motion Requesting Service (ECF NO. 69), Plaintiff's Motion For Enlargement Of Time In Which To File Proof Of Service For Defendant Tanya Hill (ECF No.

70), Motion to Provide Sealed Addresses and for USM to Perform Service (ECF No. 78), Motion for Enlargement of Time (ECF No. 81, and Plaintiff Unopposed Motion for Enlargement of Time (ECF NO. 83), are DENIED as MOOT.

IT IS FURTHER ORDERED that the STAY is lifted.

IT IS FURTHER ORDERED that the following scheduling deadlines apply:

1. DISCOVERY: Pursuant to LR 16-1(b), discovery in this action shall be completed on or before **August 5, 2020**.

2. The deadline for filing motions to amend the pleadings or to add parties has passed and will NOT be extended.

4. Expert disclosures shall be made on or before **June 8, 2020**, and the disclosures of rebuttal experts shall be made on or before **July 8, 2020**.

5. Dispositive Motions shall be filed and served no later than **September 8, 2020**.

6. The Joint Pretrial Order is due by **October 8, 2020**. If dispositive motions are filed, the joint pretrial order is due thirty (30) days from the entry of the court's rulings on the motions or by further order of the court.

7. The Interim Status Report must be filed or before **June 8, 2020**.

8. EXTENSIONS OF DISCOVERY: Pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least twenty-one (21) days prior to the date fixed for completion of discovery by this Scheduling Order, or at least twenty-one (21) days prior to the expiration of any extension thereof that may have been approved by the Court. The motion or stipulation shall include:

(a) A statement specifying the discovery completed by the parties of the date of the motion or stipulation;

(b) A specific description of the discovery which remains to be completed;

(c) The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

(d) A proposed schedule for the completion of all remaining discovery.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F. 2d 452, 454 (9th Cir. 1983).

DATED this 9th day of April, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE