**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ELIZABETH CARLEY,

        Plaintiff,

vs.

WARDEN JO GENTRY, *et al.*,

        Defendants.

2:17-cv-02670-MMD-VCF

**ORDER**

    Before the Court is the Plaintiff's Motion to Appoint Expert Witness. (ECF No. 65). Defendants have filed an opposition and plaintiff filed a reply. (ECF No. 71 and 73).

    Plaintiff requests the appointment of an expert pursuant to Rules 702 and 706 of the Federal Rules of Evidence to conduct an audit of the prison law library at Florence McClure Women's Correctional Center and to "gather. . . privileged documents." (ECF No. 65 at 1-2).

**LEGAL STANDARD**

    The *in forma pauperis* statute, 28 U.S.C. § 1915, does not provide for the appointment of expert witnesses to aid prisoners or other indigent litigants. *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (quoting *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir.1995)); *see also Faletogo v. Moya*, 2013 WL 524037, at \*2 (S.D. Cal. Feb. 12, 2013). Instead, the district court has discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence which reads, in part, "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." *Lopez v. Scribner*, 2007 WL 1215420 (E.D. Cal. Apr. 24, 2007) (*citing* Fed. R. Evid. 706(a); *see also Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.1999)). Appointing expert witnesses under Rule 706 is rare given that the adversary system is usually sufficient to promote accurate fact finding. *See* 29 FED. PRAC. & PROC. EVID. § 6304 (2d ed.) ("[T]he exercise of Rule 706 powers is rare under virtually any circumstances.

A Rule 706 expert does not serve as an advocate for any party and each party retains the ability to call its own experts. Fed. R. Evid. 706(e). Rule 706 permits the appointment of an unbiased, neutral expert only if the expert's opinion would promote accurate fact finding and only where an expert would be particularly helpful evaluating complex or confusing evidence, such as scientific, technical, or other specialized knowledge. *Gorton v. Todd*, 793 F. Supp.2d 1171, 1179 (E.D. Cal. June 29, 2011; *see also Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). The court should also consider whether (1) appointment of an expert will promote accurate factfinding; (2) testimony from the parties' experts is sufficient to reveal the facts; and (3) the claim raises constitutional concerns. *Gorton*, 793 F Supp. 2d at 1171, 1182. A court-appointed expert is entitled to reasonable compensation and, in civil cases, the compensation is paid by the parties in proportion and at such time as the court directs; however, where one party is indigent, the court may apportion all the cost to one side. *O'Neill v. Bannister*, 2012 WL 12542743, at *2 (D. Nev. Aug. 29, 2012).

The Court further finds that the issues involved in this action are not particularly complex and, therefore, the appointment of an expert to promote accurate factfinding is not necessary. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (finding that district court decision to appoint independent expert to assist court in evaluating contradictory evidence about elusive disease of unknown origin was appropriate). An expert witness may be appropriate if the evidence to be presented at trial is complex. Fed. R. Evid. 702 ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise ..."). Here, the Court finds that the testimony of a neutral expert in this case is not required to "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). This issues in this case are not complex, in which that Plaintiff would require the clarification of scientific, technical or specialized evidence. Plaintiff has been quite articulate in her motions.

Plaintiff requests the appointment of an expert pursuant to Rules 702 and 706 of the Federal Rules of Evidence to conduct an audit of the prison law library at Florence McClure Women's Correctional Center and to "gather. . . privileged documents." (ECF No. 65 at 1-2). Plaintiff's concern about obtaining records can likely be addressed through the normal discovery process.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Expert Witness (ECF No. 65) is DENIED.

IT IS FURTHER ORDERED that the Plaintiff's Motions to file Enlargements of Time to file Reply (ECF No. 67 & 72) are GRANTED.

DATED this 10th day of April, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE