UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELIZABETH CARLEY,<br><br>　　　　　　Plaintiff,<br>　v.<br>WARDEN JO GENTRY, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:17-cv-02670-MMD-VCF<br><br>ORDER |

## I.　SUMMARY

*Pro se* Plaintiff Elizabeth Carley, who is incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), sued various prison officials under 42 U.S.C. § 1983 for allegedly impeding her access to the courts. (ECF No. 89; *see also* ECF Nos. 74, 88 (construing Plaintiff's Complaint as comprising a single claim for denial of access to the courts).) Before the Court are Plaintiff's simultaneously filed motions for a temporary restraining order and/or a preliminary injunction, in which she seeks in-person access to the law library at Florence McClure Women's Correctional Center ("FMWCC"), where she is housed.[1] (ECF Nos. 124, 125 (collectively, the "Motions").) Defendants filed a combined response, primarily arguing Plaintiff's requested relief is moot because in-person access to the FMWCC law library is permitted again—following a COVID-19 lockdown—and Plaintiff herself has since been able to conduct in-person research in the law library.[2] (ECF No. 132.) Because the Court is persuaded by Defendants' argument that Plaintiff's Motions are moot, and as further explained below, the Court will deny the Motions.

---

[1]Because the motions are identical, and as explained *infra*, the governing standards are the same, the Court will analyze both motions together.

[2]Plaintiff filed a reply. (ECF No. 139.)

## II. BACKGROUND

To briefly restate Plaintiff's operative allegations as the Court summarized them in its order granting her motion to amend (ECF No. 74 at 1-3), Plaintiff is proceeding on a single claim of denial of her constitutional right to access the Courts, with two components: (1) that NDOC officials improperly denied her request for inmate-to-inmate correspondence, resulting in an unsuccessful state habeas corpus petition; and (2) law library supervisor Cyndi Ruiz at FMWCC improperly obstructs her access to the law library, which is otherwise inadequately equipped to allow her to vindicate her constitutional rights (*id.*). While United States Magistrate Judge Cam Ferenbach allowed her to amend the complaint the Court was describing in that order, Plaintiff represented that the only changes in her now-operative Third Amended Complaint ("TAC") were additions of the names of two prison officials previously sued as John Doe(s). (ECF No. 88 at 2 (describing the contents of ECF No. 85).) The Court therefore understands that the gist of the TAC is also a single claim for denial of access to the Courts.

In her TAC, Plaintiff seeks monetary damages (ECF No. 89 at 27, 30), a declaration that Defendants violated her constitutional rights (*id.* at 27), and the following changes to FMWCC's law library and related programs:

- A 48-hour turnaround from a law library access request to access to the law library;
- Four hours per week of law library access;
- More and better caselaw rentals, books, and periodicals in the law library;
- Access to a word processor;
- Elimination of the requirement for proof of an impending court deadline to obtain expedited access to the law library or its resources;
- A loosening of what constitutes an active and open case per NDOC policy so that Plaintiff will not be denied inmate-to-inmate correspondence in the future like she allegedly was here; and
- A prohibition against Ruiz obstructing Plaintiff's access to the law library (or firing her).

2

1 | (*id.*).

In her Motions, Plaintiff primarily seeks something slightly different, specifically, in-person access upon request to the computer legal research terminals in the FMWCC law library.³ (ECF No. 125 at 6.) A declaration from Ruiz proffered by Defendants along with their response to the Motions fills in some further background about why Plaintiff is seeking something slightly different in her Motions than in her operative complaint. Ruiz sates that no inmates at FMWCC were allowed in-person access to the law library from November 2, 2020, until April 12, 2021, due to a facility-wide lockdown intended to slow the spread of COVID-19. (ECF No. 132-1 at 3.) During this time, Ruiz instead went to each unit of FMWCC to deliver forms, pick up and return legal copy requests and outgoing mail, and deliver research materials. (*Id.*) Between the time the lockdown was lifted, and Ruiz filed her declaration, Plaintiff had four in-person visits to the law library and had another one scheduled. (*Id.*)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions. Temporary restraining orders are governed by the same standard as preliminary injunctions.⁴ *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, 32 (2008)). This relief is "never awarded as of right." *Alliance for the Wild Rockies v. Cottrell* (*"Alliance"*), 632 F.3d 1127, 1131 (9th Cir. 2011)

---

³Plaintiff also appears to ask for more time to respond to Defendants' pending summary judgment motion in her Motions (*see, e.g.*, ECF No. 125 at 6), but the Court has separately granted her two extensions of time (ECF Nos. 129, 142) to respond to Defendants' summary judgment motion. Thus, this order does not address her requests for extension of time. As noted in its most recent minute order (ECF No. 142), the Court will consider Plaintiff's response to Defendants' motion for summary judgment when it rules on that motion in a subsequent order, once it is fully briefed.

⁴But a TRO may issue without notice if both the movant and the Court comply with certain requirements. *See* Fed. R. Civ. P. 65(b).

(citation omitted). To qualify for a preliminary injunction, a plaintiff must satisfy four requirements: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of equities favors the plaintiff; and (4) that the injunction is in the public interest. *See Winter*, 555 U.S. at 20. A plaintiff may also satisfy the first and third prongs by showing serious questions going to the merits of the case and that a balancing of hardships tips sharply in the plaintiff's favor. *See Alliance*, 632 F.3d at 1135 (holding that the Ninth Circuit's "sliding scale" approach continues to be valid following the *Winter* decision). On the likelihood of success on the merits prong, "the burdens at the preliminary injunction stage track the burdens at trial." *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006).

## IV.     DISCUSSSION

Defendants primarily argue that Plaintiff's request for injunctive relief in her Motions is moot because NDOC lifted the lockdown at FMWCC on April 12, 2021, and Plaintiff has been able to use the law library in person since then. (ECF No. 132 at 4-5.) They also argue she cannot establish irreparable injury both for the same reason, and because she was given extra time to respond to Defendants' motion for summary judgment in any event. (*Id.* at 6.) As noted, they proffer the declaration of Ruiz to support their arguments. (ECF No. 132-1.) Plaintiff replies by conceding that the lockdown has lifted, and that she has been able to use the law library in-person, but argues in pertinent part that her request for injunctive relief is not moot because NDOC could reimpose lockdown and again shut the law library. (ECF No. 139 at 1.) The Court agrees with Defendants that the Motions are moot.

It is possible—as here—that a particular motion requesting injunctive relief is moot even while the entire case is not. *See In Def. of Animals v. U.S. Dep't of Interior*, 648 F.3d 1012, 1013-14 (9th Cir. 2011) (dismissing an appeal where the action a preliminary injunction motion sought to prevent had already occurred while simultaneously finding the case not moot). Plaintiff concedes she can access—and has accessed—the law library in person, which is the relief she seeks in her motions. (*Compare* ECF Nos. 124 at 6, 125

4

at 6 *with* ECF No. 139 at 1.) At this point in time, the Court could not order any meaningful relief in line with the relief Plaintiff requests in her Motions because the FMWCC law library is open for in-person access. (*See id.*; ECF No. 132-1.) *See also West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000) ("the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief'") (citations omitted). Plaintiff's Motions are therefore moot, though her case is not. *See In Def. of Animals*, 648 F.3d at 1013.

To the extent Plaintiff argues, as she appears to, that her Motions are not moot because the allegedly wrongful behavior (closing the law library to in-person access) may recur, the Court is unpersuaded. (ECF No. 139 at 1-2.) First, Plaintiff appears to agree that the lockdown at FMWCC was imposed in response to the COVID-19 pandemic, and given the current availability of vaccines, a lockdown in response to COVID-19 appears unlikely to recur. Second, the capable of repetition doctrine that Plaintiff appears to refer to "applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that [s]he will again be subjected to the alleged illegality[.]" *Alvarez v. Smith*, 558 U.S. 87, 93 (2009) (citation and internal punctuation omitted). Plaintiff has made no such showing here.

In addition, and as Defendants argue (ECF No. 132 at 3), the Court must be cautious in issuing the sort of mandatory injunction Plaintiff seeks here. *See Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). And the Court must be especially cautious considering the Prison Litigation Reform Act's requirement that any prospective relief the Court orders must "extend no further than necessary to correct the violation of the Federal right of a particular plaintiff[.]" 18 U.S.C. § 3626(a)(1)(A). These constraints on the Court's authority to order something to happen—especially when, as here, it is already happening—further weigh against moving past Defendants' mootness challenge to give Plaintiff the relief she seeks in her Motions.

///

1       Plaintiff also re-argues the merits of her case in her reply in support of her Motions—primarily that Ruiz unreasonably restricts her access to the law library, legal materials, and copies—but the Court's decision here does not preclude her from making those arguments at trial or otherwise later in this case. (ECF No. 139 at 3-5.) The Court's finding here is instead that her requests for relief in her Motions are moot because FMWCC's law library is undisputedly open for in-person access.

### V. CONCLUSION

      The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

      It is therefore ordered that Plaintiff's motion for a temporary restraining order (ECF No. 124) is denied as moot.

      It is further ordered that Plaintiff's motion for a preliminary injunction (ECF No. 125) is denied as moot.

      DATED THIS 3rd Day of June 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE