LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
**THE LAW OFFICES OF KRISTINA WILDEVELD
& ASSOCIATES**
550 E. Charleston Blvd., Suite A
Las Vegas, NV 89104
Phone (702) 222-0007
Fax (702) 222-0001
Email:  Lisa@Veldlaw.com
*Attorneys for Plaintiff Elizabeth Carley*

AARON D. FORD
Attorney General
DOUGLAS R. RANDS (Bar No. 3572)
Senior Deputy Attorney General
State of Nevada
**OFFICE OF THE ATTORNEY GENERAL**
100 N. Carson Street
Las Vegas, Nevada 89701-4717
(775) 684-1150 (phone)
Email: drands@ag.nv.gov
*Attorneys for Defendants James Dzurenda, Charles Daniels,
Sheryl Foster, Jo Gentry, Tanya Hill, Gabriela Najera,
Dwight Neven, Cynthia Ruiz, Kim Thomas, and Patrick Veja*r

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH CARLEY, | ) |
| | ) CASE NO.   2:17-cv-02670-MMD-VCF |
| Plaintiff, | ) |
| | ) **JOINT STIPULATION AND ORDER TO** |
| vs. | ) **EXTEND THE JOINT PRETRIAL** |
| | ) **ORDER DEADLINE FROM AUGUST 29,** |
| NEVEN, et al., | ) **2022, TO SEPTEMBER 28, 2022** |
| | ) **(Fourth Request)** |
| Defendants. | ) |

Plaintiff ELIZABETH CARLEY, by and through her counsel of record, Lisa A. Rasmussen, Esq. of The Law Offices of Kristina Wildeveld & Associates, and Defendants, SHERYL FOSTER, PATRICK VEJAR, JO GENTRY, JAMES DZURENDA, CHARLES DANIELS, GABRIELA NAJERA, TANYA HILL, DWIGHT NEVEN, CYNTHIA RUIZ, by

through their counsel, Aaron D. Ford, Nevada Attorney General, and Douglas R. Rands, Senior Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby submit a Joint Stipulation and Order to Extend the Joint Pretrial Order Deadline from August 29, 2022 to September 28, 2022.

I.    **INTRODUCTION**

The Parties hereby move to extend the Joint Pretrial Order deadline from August 29, 2022 to September 28, 2022 (30 days). Good cause exists in this case because the Parties have continued discussions and may be able to resolve this matter without further litigation. Additionally, during recent preparations for Joint Pretrial Order, Plaintiff's counsel discovered that many of the thousands of pages of documents originally produced by the State directly to Ms. Carley at earlier stages of the litigation were missing or lost, primarily due to Ms. Carley's changes in custody location and issues concerning her ability to make copies while incarcerated. The State's counsel has agreed to provide a full set of discovery documents produced by the State in electronic format. The Parties agree that additional time is necessary to review the discovery records produced in this matter to submit a Joint Pretrial Order.

II.   **LEGAL STANDARDS**

Federal Rule of Civil Procedure 6(b)(1) provides:

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
    (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
    (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6(b)(1).[1]

---

[1] LR IA 6-1(a) provided that "[a] motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." Further, a "stipulation or motion seeking to extend the time to file an

The United States Supreme Court has recognized, "Rule 6(b) gives the court extensive flexibility to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the actual termination of the allotted time."[2] Further, this rule is to be liberally construed to effectuate the general purpose of seeing that cases, and other disputed issues, are decided on the merits.[3] Regarding "Good cause," it is a non-rigorous standard that has been construed broadly across procedural and statutory contexts.[4] Consequently, requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."[5]

III. **ARGUMENT**

After some delays based on miscommunications as to the identify of the attorney representing the State, the Parties met and conferred about the status of the case. The Parties discussed settlement, and an offer by Plaintiff has been presented to and is now being considered by the State. The Parties also discussed the fact that many of the several thousands of pages of records provided by the State in disclosures and discovery responses were missing from the documents in Plaintiff's possession. This situation appears to be the result of restrictions on

---

opposition or reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the subject motion or the date of the subject hearing." LR IA 6-1(c).

[2] *Lujan v. Na t'l Wildlife Fed.*, 497 U.S. 871, 906 n. 7 (1990) (internal quotation marks and citation omitted) (emphasis added); s*ee also Perez-Denison v. Kaiser Found. Health Plan of the Nw.*, 868 F. Supp. 2d 1065, 1079 (D. Or. 2012) (*citing and quoting Lujan*, 497 U.S. at 906).

[3] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010).

[4] *Id*. (citing *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir.2004), *Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir.1992), *Lolatchy v. Arthur Murray*, Inc., 816 F.2d 951, 954 (4th Cir.1987)).

[5] *Ahanchian*, 624 F.3d at 1259 (*quoting* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Plaintiff's ability to make copies while in custody as well as documents being lost during Plaintiff move into transitional housing. State's counsel has agreed to provide Plaintiff's counsel with a complete copy of all discovery provided by the State in electronic format.

The Parties do not act in bad faith. They are evaluating the issues and settlement possibility in good faith. The Parties seek the additional time to work together to draft the Joint Pretrial Order. They are working together to resolve the issue of the discovery documents, and determine precisely which documents will be appropriate and necessary for trial. The additional time is necessary for the drafting and agreement to a joint order, and also to further settlement discussions. Therefore, Parties request an extension of the Joint Pretrial Order from August 29, 2022 to September 28, 2022.

### IV. CONCLUSION

For the foregoing reasons, the Parties request an extension of the Joint Pretrial Order deadline from August 29, 2022 to September 28, 2022.

DATED this 29th day of August, 2022.                    DATED this 29th day of August, 2022.

**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES,**

By: /s/ Lisa A. Rasmussen
LISA A. RASMUSSEN, ESQ. (NV Bar 7491)
550 E. Charleston Blvd, Ste. A
Las Vegas, NV 89104
Tel: (702) 222-0007
Lisa@VeldLaw.com
*Attorneys for Plaintiff, Elizabeth Carley*

**OFFICE OF THE ATTORNEY GENERAL**

By: /s/
DOUGLAS R. RANDS (NV Bar 3572)
Senior Deputy Attorney General
100 N. Carson Street
Carson City, NV 89701-4717
*Attorneys for Defendants*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 8-30-2022